# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

THEODORE A. ANDERSON,
ADC #138956                                                                     PLAINTIFF

V.                     5:11CV00100 SWW/JTR

CONNIE HUBBARD, LPN,
Correctional Medical Services, Inc., et al.            DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommended Partial Disposition submitted by United States Magistrate Judge J. Thomas Ray and the filed objections. After carefully considering these documents and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Partial Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (docket entry #59) is GRANTED IN PART and DENIED IN PART.

2. Defendants Gordon, Snyder, and Barnes are DISMISSED, WITHOUT PREJUDICE, because Plaintiff has failed to exhaust his administrative remedies against them.

3. Plaintiff may PROCEED with his inadequate medical care claim against Defendant Hubbard.[1]

4. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Partial Disposition would not be taken in good faith.

IT IS SO ORDERED THIS 22ND DAY OF FEBRUARY, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] Defendant Hubbard objects that Plaintiff failed to exhaust his administrative remedies because he filed his grievance beyond the period specified by written prison regulations. As noted by the Magistrate Judge, prison officials did not deny Plaintiff's grievance as being untimely filed. Instead, officials considered the merits of his grievance and concluded that Defendant Hubbard had delayed referring him to a medical specialist. Under these circumstances, the Court agrees that Plaintiff properly exhausted his claim against Defendant Hubbard in accordance with prison requirements. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir.2004) ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910(2007); *see also Grear v. Gelabert*, No. 1:07-CV-203, 2008 WL 474098, at *2 (W. D. Mich. Feb.15, 2008)("If a plaintiff takes advantage of the grievance process and a state accepts the plaintiff's grievance and considers it on the merits, then the state will not be heard to complain that the grievance was not properly exhausted.").